# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| David Eugene Scheper, | Case No. 19-cv-402 (MJD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden M. Rios, | |
| Respondent. | |

This matter is before the Court on Petitioner David Eugene Scheper's ("Petitioner" or "Scheper") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1.) The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

## I.     BACKGROUND

Scheper was convicted in the United States District Court for the Southern District of Iowa for Conspiracy to Manufacture, Distribute, and Possession with Intent to Distribute 500 grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and is serving a 180-month sentence. (Dkt. 7 ¶ 3.) At the time Scheper filed his petition, he was incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). (Dkt. 1 at 1; Dkt. 7 ¶ 3.) Scheper is projected to be released from custody on March 25, 2022 via a good-conduct time release. (Dkt. 7 ¶ 3.)

Scheper filed his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on February 19, 2019.  (Dkt. 1.)  Scheper argues that the U.S. Bureau of Prisons ("BOP") is making him "over-serve" his sentence because, as a 65-year-old inmate who has served beyond the two-thirds of his sentence, he is eligible for "immediate release" under the Second Chance Act.  (*Id.* at 6.)  In his request for relief, Scheper alleges his rights to due process under the Fifth Amendment are being violated and thus seeks "immediate release."  (*Id.* at 7.)

The First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194 (2018), was enacted on December 21, 2018.  Relevant to Scheper's claim, the First Step Act re-authorizes the BOP to conduct a home confinement pilot program for elderly offenders, initially enacted by the Second Chance Act of 2007.  Pub. L. 115–391, § 603, 132 Stat. 5194, 5238–41; *see* 34 U.S.C. § 60541(g).  That statute, as amended by the First Step Act, now reads:

> **(A) In general**
>
> The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
>
> **(B) Placement in home detention**
>
> In carrying out a pilot program as described in subparagraph (A), the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender.

**(C) Waiver**

The Attorney General is authorized to waive the requirements of section 3624 of Title 18 as necessary to provide for the release of some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention for the purposes of the pilot program under this subsection.

34 U.S.C. § 60541(g).  To be eligible, an elderly offender must meet various criteria including (1) be at least 60 years of age; (2) not have been convicted of a crime of violence; and (3) have served two-thirds of their term of imprisonment.  34 U.S.C. § 60541(g)(5)(A).

In its March 22, 2019 response, Respondent attested that "[a]lthough the Bureau is working on policy changes pursuant to the First Step Act, guidance has not yet been issued implementing the Elderly Home Confinement Pilot Program, including identifying which facilities will participate in the pilot program."  (Dkt. 6 at 5; Dkt. 7 ¶ 14.)  Nevertheless, FPC-Duluth had proactively conducted a preliminary review on May 10, 2019 and found Scheper would not have served two-thirds of his sentence until approximately May 10, 2019.  (Dkt. 6 at 13 n.5; Dkt. 7 ¶ 14.)

On January 14, 2020, the Court ordered Respondent to file a brief updating the Court as to the implementation of the Elderly Home Confinement Pilot Program as modified by the First Step Act as to Scheper, including "whether the facility in which Scheper is confined has been designated by the BOP as a facility appropriate for the Elderly Home Confinement Pilot Program as modified by the First Step Act and whether the BOP has made a final determination as to Scheper's eligibility for the Program."  (Dkt. 10.)  On February 4, 2020, Respondent submitted a second declaration and

3

supplemental response stating that Scheper was transferred from FPC-Duluth to a residential reentry center on August 7, 2019 and was transitioned to home confinement on August 8, 2019.  (Dkt. 11 at 11; Dkt. 12 ¶ 5; Dkt. 12-2 at 1.)  Scheper is currently on home confinement under the supervision of the Kansas Residential Reentry Management Office.  (Dkt. 12 ¶ 4; Dkt. 12-2 at 1.)  Respondent requested dismissal of the Petition as moot because Scheper had been transferred to home confinement.  (*See* Dkt. 11.)  Scheper did not respond.

## II.   DISCUSSION

To the extent Scheper's request for "immediate release" is a request for an order directing the BOP to place him in home confinement,[1] his Petition is now moot because he has already obtained all the relief this Court could provide in a writ of habeas corpus: Scheper was moved to home confinement on August 8, 2019.  (Dkt. 12 ¶ 5; Dkt. 12-2 at 1.)  "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1).  "When, during the course of litigation, the issues

---

[1]  Home confinement is not a "release" from a sentence, and an inmate may return to a BOP institution if he violates the terms of home detention.  *See* 34 U.S.C. § 60541(g)(2) ("A violation by an eligible elderly offender or eligible terminally ill offender of the terms of home detention (including the commission of another Federal, State, or local crime) shall result in the removal of that offender from home detention and the return of that offender to the designated Bureau of Prisons institution in which that offender was imprisoned immediately before placement on home detention under paragraph (1), or to another appropriate Bureau of Prisons institution, as determined by the Bureau of Prisons.").

4

presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

Here, this case became moot when Scheper was placed in home confinement because the Court "can no longer grant effective relief." *See Ali*, 419 F.3d at 723. Scheper received all the redress that a favorable decision on his Petition, to the extent it seeks "immediate release" to home confinement, would bring. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (finding that claims by inmates who had been transferred to a residential reentry center subsequent to filing appeal were moot because the relief they sought had been granted); *Mickelson v. Holinka*, 276 F. App'x 527, at *1 (8th Cir. May 05, 2008) (same); *Sherman v. Cruz*, Case No. 09-cv-491 (PJS/JSM), 2009 WL 3428833, at *2 (D. Minn. Oct. 23, 2009) (dismissing habeas petition as moot where petitioner sought release to a residential reentry center and was moved to a residential reentry center after the petition was filed).

However, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but

5

> is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here.  First, Scheper has not identified any cognizable collateral consequences arising from the fact that he was not transferred to home confinement as quickly as he thought he should have been.  Scheper has not complained of his conditions of home confinement, and if he had, they would not be the result of his allegedly unlawful detention at FPC-Duluth.  *See Yelengi v. Lynch,* No. 16-cv-2397 (SRN/TNL), 2017 WL 2123927, at *3 (D. Minn. Apr. 26, 2017), *R&R adopted*, 2017 WL 2124398 (D. Minn. May 16, 2017).

As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193.  It appears there is nothing further to litigate because the Respondent has represented that Scheper has been moved to home confinement.  *Ahmed*, 2017 WL 3267738, at *3 ("Because there is nothing further to litigate in Petitioner's case, [this] situation does not apply.").  In addition, there is nothing in the record to suggest that Scheper will be removed from home confinement and returned to FPC-Duluth.  *See, e.g.*, *Simon v. LaRiva*, No. 0:16-CV-1969-ADM-KMM, 2016 WL 7972058, at *3 (D. Minn. Aug. 3, 2016), *R&R adopted*, 2016 WL 4467891 (D.

Minn. Aug. 22, 2016) (citation omitted) (Mr. Simon's allegedly improper detention is not 'capable of repetition but evading review,' because there is no indication that Mr. Simon himself will again be returned to FMC Rochester for reasons related to his medical condition."). In any event, Petitioner would have the ability to bring a new habeas petition under a new set of facts and circumstances should he be returned to FMC-Duluth. Therefore, the second exception to the mootness doctrine does not apply here.

With respect to the third exception, voluntary cessation of the illegal conduct that may be resumed, Respondent has provided insight surrounding Scheper's move to home confinement. The BOP attests that FPC-Duluth proactively conducted a preliminary review but concluded that Scheper would not have served two-thirds of his sentence until approximately May 10, 2019. (Dkt. 7 ¶ 14.) In addition, it was unclear to the BOP whether FPC Duluth was a facility that would even participate in the Elderly Home Confinement Pilot Program. (Dkt. 12 ¶ 5; Dkt. 12-2.) Shortly thereafter, Scheper was moved to home confinement. (Dkt. 12 ¶ 5.) There is nothing in the record that suggests Scheper was moved to home confinement only to preclude this Court's review. Even assuming Scheper is returned to FPC-Duluth before completing his sentence, it would be under a new set of circumstances and facts (e.g., violation of his conditions of home confinement), and consequently "impossible for the government to repeat the same unlawful conduct that [Petitioner] challenged." *See id.* Thus, based on the record before the Court, the voluntary-cessation exception to the mootness doctrine does not apply here.

7

Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See id.*

Accordingly, the Court recommends dismissal of the Petition as moot to the extent Scheper sought "immediate release" to home confinement.

The Court also considers the Petition to the extent Scheper seeks "immediate release" from **all** confinement. Scheper's Petition is based on the First Step Act's reauthorization of the Elderly Home Confinement Pilot Program. (Dkt. 1 at 6.) He does not otherwise contend that his confinement or sentence is unlawful. As discussed above, the First Step Act re-authorizes the BOP to conduct a home confinement pilot program for elderly offenders, initially enacted by the Second Chance Act of 2007. Pub. L. 115–391, § 603, 132 Stat. 5194, 5238–41; *see* 34 U.S.C. § 60541(g). Section 60541(g) permits the BOP to place inmates on home confinement, but the inmates will still be serving the remainder of their sentences. *See* 34 U.S.C. § 60541(g)(1)(A) (noting inmates are placed on home detention "until the expiration of the prison term to which the offender was sentenced"). Section 60541(g) does not provide for release from **all** confinement. Accordingly, to the extent Scheper seeks release from **all** confinement pursuant to 34 U.S.C. § 60541(g), the Court recommends denial of the Petition.[2]

---

[2] There is also no assertion by Scheper, or any evidence provided in the available record, indicating that he has exhausted his administrative remedies prior to bringing the present Petition. In fact, Scheper admits that he has not filed a grievance or sought an administrative remedy. (Dkt. 1 at 2.) Nor has he shown that pursuing exhaustion of administrative remedies would be futile. The BOP argues that the Petition should be denied due to a failure to exhaust administrative remedies. (Dkt. 6 at 8-10; Dkt. 7 ¶ 13 ("As of March 1, 2019, Scheper has not filed any administrative remedies during his incarceration with the Bureau of Prisons.").) Because the Court is recommending

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Scheper's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT** to the extent he seeks "immediate release" to home confinement;

2. Scheper's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1) be **DENIED** to the extent he seeks "immediate release" from all confinement; and

3. This matter be **DISMISSED WITHOUT PREJUDICE**.

DATED: June 5, 2020         *s/Elizabeth Cowan Wright*
                            ELIZABETH COWAN WRIGHT
                            United States Magistrate Judge

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

dismissing of Scheper's Petition, it does not address the merits of Respondent's exhaustion of remedies argument.